*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CENTRIA HOME REHABILITATION, LLC,

        Plaintiff-Appellant,

v

ALLSTATE INSURANCE COMPANY,

        Defendant-Appellee.

FOR PUBLICATION
February 24, 2025
8:52 AM

No. 363699
Oakland Circuit Court
LC No. 2021-189203-NF

## ON REMAND

Before: K. F. KELLY, P.J., and JANSEN and CAMERON, JJ.

CAMERON, J.

This case, which arises under Michigan's no-fault act, MCL 500.3101 *et seq.*, returns to this Court on remand from our Supreme Court to again consider whether the trial court erred in granting summary disposition in favor of defendant, Allstate Insurance Company ("Allstate"), under MCR 2.116(C)(10) (no genuine issue of material fact). Under the present version of MCL 500.3112, a healthcare provider can assert a direct cause of action for reimbursement of an insured's personal protection insurance (PIP) benefits. To do so, the provider must present evidence that the insured incurred these expenses. Because plaintiff, Centria Home Rehabilitation, LLC ("Centria"), failed to present such evidence, we once more affirm.

## I. FACTS AND PROCEDURAL HISTORY

In *Centria Home Rehab, LLC v Allstate Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363699); slip op at 1-2 (*Centria I*), rev'd *Centria Home Rehab, LLC v Allstate Ins Co*, 12 NW3d 387 (Mich, 2024), we summarized the relevant facts as follows:

Allstate's insured, Linda Frisch, was seriously injured in a December 1, 2018 motor vehicle accident. Frisch's injuries left her unable to care for herself. As a result, Centria hired Frisch's daughter, Diana Irons, to provide attendant care services to Frisch. Centria paid Irons a rate of $10 per hour. Frisch assigned to Centria her right to payment for [PIP] benefits. Centria billed Allstate for these

services at an hourly rate which exceeded Irons's $10 per hour. Allstate partially paid the bill.[1]

Centria filed a complaint seeking payment for the unpaid portion. Allstate moved for summary disposition, arguing that the assignment from Frisch to Centria allowed Centria to collect PIP benefits provided to Frisch. The assignment, however, did not establish liability against Frisch for the increased hourly rate billed to Allstate. According to Allstate, summary disposition was appropriate because there was no evidence Frisch incurred charges at the increased rate. The trial court agreed and granted summary disposition.

On appeal, we began our analysis by noting that the no-fault act recently underwent sweeping changes, which became effective on June 11, 2019.[2] *Centria I*, ___ Mich App at ___; slip op at 2-4. Thus, our first consideration was whether the pre- or post-amendment version of the no-fault act applied to the attendant care services at issue in this case. We concluded that the pre-amendment version applied because the claim arose in 2018, when the motor-vehicle accident occurred. *Centria I*, ___ Mich App at ___; slip op at 3. We then determined that the trial court correctly granted summary disposition because Centria failed to present evidence in support of its position. *Id*. at ___; slip op at 4.

Our Supreme Court reversed and remanded *Centria I*, stating:

The 2019 amendment to MCL 500.3112 applies "to products, services, or accommodations provided after the effective date of this amendatory act." 2019 PA 21, enacting § 1. Therefore, the Court of Appeals erred by applying the pre-amendment version of MCL 500.3112 to attendant care services that were provided after the effective date of the amendment of that statute. See *Centria Home Rehab, LLC v Philadelphia Indemnity Ins Co*, 345 Mich App 649, 669-670[; 9 NW3d 104 (2023).] [*Centria Home Rehab, LLC v Allstate Ins Co*, 12 NW3d 387, 387 (Mich, 2024) (*Centria II*).]

We now consider the issues raised as directed by *Centria II*.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Douglas v Allstate Ins Co*, 492 Mich 241, 256; 821 NW2d 472 (2012). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A party is entitled to judgment as matter law where, viewing the facts in a light most favorable to the nonmoving party, "the proffered evidence fails to establish a genuine issue regarding any material fact[.]" *Id*. Under the burden-shifting framework of this rule:

---

[1] Centria had sought $34 per hour from Allstate for the attendant care services, and Allstate paid Centria $25 per hour, with the difference being the subject of the litigation.

[2] 2019 PA 21.

[T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

This case also involves issues of statutory interpretation, which we review de novo. *Sterling Hts Pain Mgt, PLC v Farm Bureau Gen Ins Co of Mich*, 335 Mich App 245, 249 n 1; 966 NW2d 456 (2020).

The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001) (citations omitted).]

## III. LAW AND ANALYSIS

Centria argues that it was entitled to collect the unpaid costs of Frisch's attendant care services, and, therefore, the trial court erred when it granted summary disposition in Allstate's favor. We disagree.

Before the amendments to the no-fault act, healthcare providers needed to obtain an assignment from the injured person covered by an automobile insurance policy in order to pursue a cause of action against the insurer. See *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 217 n 40; 895 NW2d 490 (2017). By contrast, the amended version of the no-fault act gave healthcare providers an independent statutory cause of action to seek PIP benefits directly from a no-fault insurer. MCL 500.3112, as amended by 2019 PA 21, states, in pertinent part: "A health care provider listed in section 3157 may make a claim and assert a direct cause of action against an insurer . . . to recover overdue benefits payable for charges for products, services, or accommodations provided to an injured person." (citations omitted). The attendant care services at issue were provided in 2020 and 2021. Therefore, consistent with *Centria II*, the amended, current version of MCL 500.3112 applies.

MCL 500.3107(1)(a), meanwhile, describes the amounts payable for these charges, explaining that "personal protection insurance benefits are payable for . . . reasonable charges *incurred* for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." (Emphasis added.) In *Douglas*, our Supreme Court explained that "the statutory requirement that 'charges' be 'incurred' requires some degree of liability that exists as a result of the insured's actually having received the underlying goods or services." *Douglas*, 492 Mich at 267. "The fact that charges have been incurred can be shown by various

means, including a contract for products and services or a paid bill." *Id.* at 268 (quotation marks and citation omitted).

Under these authorities, healthcare provider Centria could commence a direct cause of action against Allstate to recover overdue benefits payable for Frisch's attendant care charges. MCL 500.3112. But, Centria could only seek reimbursement for charges actually incurred by Frisch. MCL 500.3107(1)(a). For Centria to potentially collect $34 per hour from Allstate for the attendant care services, it had to have charged Frisch $34 per hour for the services.

The fatal flaw in Centria's action in this case is that it presented no *documentary evidence*, as necessary to create a genuine issue of material fact, *Quinto*, 451 Mich at 362-363, that Frisch was ever charged $34 per hour, or that she ever became obligated or liable to pay $34 per hour, for attendant care services. The trial court found:

> Here, Plaintiff does not even purport that it is able to show that the charge of $35.00[3] per hour was incurred in this matter. Plaintiff does not direct the Court to a contract, any language in an assignment, or other evidence that might support an argument that Frisch incurred and was liable for a $35.00 per hour charge.

Accordingly, we once again conclude that the trial court correctly granted summary disposition in Allstate's favor given Centria's failure to provide any documentary evidence in support of its position.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly

JANSEN, J. did not participate, having retired from the Court.

---

[3] It is evident that the trial court meant to indicate $34 per hour.